1  DAVID P. MASTAGNI, ESQ. (SBN 57721)
   DAVID E. MASTAGNI, ESQ. (SBN 204244)
2  WILL M. YAMADA, ESQ. (SBN 226669)
   STRAUN W. BOSTON, ESQ. (SBN 242380)
3  **MASTAGNI, HOLSTEDT, AMICK,**
   **MILLER, JOHNSEN & UHRHAMMER**
4  *A Professional Corporation*
   1912 "I" Street
5  Sacramento, California 95814
   Telephone: (916) 446-4692
6  Facsimile: (916) 447-4614

7  Attorneys for Plaintiffs

8                  IN THE UNITED STATES DISTRICT COURT

9                    EASTERN  DISTRICT OF CALIFORNIA

10

11 ERIC AHRENS, MICHAEL ALLISON,      )    CASE NO. 2:05-CV-00389-GEB-GGH
   BRYAN BAKKIE, CHAD BAUMANN,        )
12 TROY BERGSTROM, ANDREW             )
   BONNER, JASON BOSWORTH, DOUG       )    **STIPULATION RE APPROVAL OF**
13 BROWN, BRET BRZYSCZ, JOE CIPOV,    )    **SETTLEMENT AGREEMENT AND**
   KARL DYER, MICHAEL EASTER, ERIC    )    **DISMISSAL WITH PREJUDICE**
14 EASTMAN, TINA EASTMAN              )    **AND [PROPOSED] ORDER**
   DAVID FAINGOLD, BRANDON            )    **THEREON**
15 FERNANDEZ, DAVID FLOOD,            )
   BRYAN FRITSCH, JAMES  FUJITANI,    )
16 PATRICK GANGUET, MARC              )
   GLYNN, RON GOODPASTER, BRUCE       )
17 HAGLER, BRYAN HAYS, JOHN           )
   HELLIWELL, LEE HENDRICK,           )
18 MATTHEW JANNEY, MICHAEL            )
   JONES, CHAD KATO, AARON LEAHY,     )
19 MISSY MacDONALD, KEITH             )
   MARZOLF, MARK MILLER, STEFAN       )
20 MOORE, KELBY NEWTON, PAUL          )
   NICHOLAS, CHRISTOPHER NOWICKI,     )
21 DAVID ORTIZ, MICHAEL               )
   PENDERGRAFT, JAMES PLYMPTON,       )
22 KATE QUARTAROLO, MARIA             )
   RICHARDSON, CLIFFORD RYLAND,       )
23 MIKE RYLAND, ALEXANDRA             )
   SAKATA, JEREMY SCREETON,           )
24 MERVYN SCREETON III, MICHAEL       )
   SHERLOCK, ASHLEY SMENTEK,          )
25 AARON SPLAWN, CALVIN WALSTAD,      )
   WILLIAM YOUNG, PATRICK ZERI,       )
26 acting for themselves and others similarly )
                                      )
27 _____     )

28

---

**STIPULATION OF DISMISSAL**                              *Aherns et al. v. City of Roseville*
                                                          **Case No. 2:05-CV-00389-GEB-GGH**

## STIPULATION

The parties to the above captioned action hereby stipulate as follows:

1. Plaintiffs Eric Ahrens, et al. (collectively "Plaintiffs") are presently or were previously employed by the City of Roseville ("Defendant"). Plaintiffs and the Defendant shall be collectively referred to as "Parties" herein.

2. Plaintiffs filed the above captioned action ("Action") on behalf of themselves and others similarly situated arising out of certain events that allegedly occurred during their employment by the City of Roseville.

3. Plaintiffs' First Amended Complaint to the action for violation of the Fair Labor Standards Act ("Complaint"), alleges violations of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) ("FLSA"). The Complaint seeks recovery of allegedly unpaid overtime, liquidated damages, attorneys fees and costs. The Court has jurisdiction over the subject matter of this action and over the parties.

4. The Defendant filed an Answer to the First Amended Complaint denying its material allegations and asserting affirmative defenses thereto.

5. The Court set October 25, 2005, as the final date by which potential collective actions members had to opt-in to this action.

6. The Parties dispute the applicability of the FLSA to the facts as alleged in the Complaint.

7. The Parties have engaged in extensive negotiations in an attempt to resolve their differences, and throughout these negotiations all Parties were, and continue to be, represented by counsel experienced in wage and employment matters.

8. The Parties wish to avoid the potential uncertainty, expense and delay of litigation and have therefore, based upon their extensive negotiations, agreed to a settlement which all the Parties, upon consultation with counsel, believe provides for a fair, reasonable and just resolution of the Parties' dispute. The terms of the Parties' agreement are embodied in the Settlement Agreement and General Release of All Claims ("Settlement Agreement") which all Parties have executed. A copy of the Settlement Agreement is attached hereto and incorporated herein;

9. Plaintiffs' potential recovery at trial, if any, remains unknown, but the Parties believe that

the terms of the Settlement Agreement are consistent with and within the range of any reasonable result that Plaintiffs might expect to obtain after a trial;

10. Courts have determined that the provisions of the FLSA are mandatory and cannot generally be abridged by contract or otherwise waived. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). However, when employees bring a private action for compensation under the FLSA, and present the district court a proposed settlement, the district court may enter a judgment after scrutinizing the settlement for fairness. *Id.* at 1353;

11. The Parties to this action intend to present the Court with this Stipulation re Approval of Settlement Agreement and Dismissal with Prejudice and Order Thereon ("Stipulation and Order") through which they intend to finally resolve all claims asserted in this Action based upon the Settlement Agreement;

12. By entering into this Stipulation and requesting Court approval, the Parties do not intend that the Court should make any findings or determination regarding the Defendant's alleged violation of the FLSA, or any other federal or state law, regulation, order, or rule. This Stipulation and Order, and any exhibits and any other documents or written materials prepared in conjunction with this Stipulation and Order, should not constitute evidence of, or any admission of, any violation of the FLSA, or any other federal or state law, regulation, order, or rule by any Party.

13. The Parties jointly request the Court find the settlement is fair, reasonable and just and therefore request the Court approve of and enter the Stipulation and Order; IT IS THEREFORE STIPULATED, by and between the Parties, through their respective counsel, that:

1. The Settlement Agreement which is incorporated herein by reference, is fair, reasonable and just in all respects as to the Plaintiffs, and the Court should therefore approve the Settlement Agreement and enter this Stipulation and Order;

2. The Court should expressly reserve jurisdiction with respect to this Action for the purposes of enforcing the Settlement Agreement;

3. The award of and allocation of costs and attorneys fees should be as provided for in the Settlement Agreement;

4. Upon the Court's approval of the Settlement Agreement, this Action should be dismissed

1 with prejudice.

2

3 Dated: August 8, 2006     **MASTAGNI, HOLSTEDT, AMICK, MILLER, JOHNSEN & UHRHAMMER**

4

5 By:_____
DAVID E. MASTAGNI
Attorneys for Plaintiffs

6

7

8 Dated: August 8, 2006     **MCDONOUGH, HOLLAND & ALLEN**

9

10 By: */s/ Julie Raney*
JULIE RANEY
Attorney for Defendant

[PROPOSED] ORDER

The Court has carefully reviewed the Settlement Agreement, the proposed Stipulation and Order, and relevant Exhibits. Based upon a review of the record, and good cause appearing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

The Settlement Agreement, which is incorporated herein by reference, is approved as fair, reasonable and just in all respects as to the Plaintiffs, and the Parties shall perform the Settlement Agreement in accordance with its terms;

1. The Court expressly reserves jurisdiction with respect to this Action for the purposes of enforcing the Settlement Agreement;

2. The award of and allocation of costs and attorneys fees shall be as provided for in the Settlement Agreement;

3. The Court has made no findings or determination regarding the Defendant=s alleged violation of the FLSA, or any other federal or state law, regulation, order, or rule, and this Stipulation and Order and any exhibits and any of the other documents or written materials prepared in conjunction with this Stipulation and Order shall not constitute evidence of, or any admission of, any violation of the FLSA, or any other federal or state law, regulation, order, or rule;

4. This Action is hereby dismissed with prejudice.

Dated: August 10, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge